UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDNA D. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1022 (CEJ) |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint as untimely filed. Plaintiff, who proceeds *pro se*, has not filed a response in opposition to the motion and her time for doing so has expired.

On October 7, 2010, an administrative law judge (ALJ) issued a decision denying plaintiff's application for disability benefits under Titles II and XVI of the Social Security Act. On March 20, 2012, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Decl. of Marian Jones ¶ 3(a) [Doc. #15-1]. By statute, an individual may seek judicial review of the ALJ's decision by commencing a civil action "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner. . . may allow." 42 U.S.C. § 405(g). The notice of denial sent by the Appeals Council informed her that she had sixty days from the date of receipt, which was deemed to be five days after mailing. Thus, in order to be timely filed, plaintiff's complaint was due no later than May 26, 2012. On June 6, 2012, plaintiff filed her complaint. [Doc. #1]. In that complaint, she states that she received the notice of the decision of the Appeals Council on March 20, 2012.

The 60-day period specified in § 405(g) is a period of limitation.  See <u>Bowen v. City of New York</u>, 476 U.S. 467, 478 (1986) (<u>citing</u> <u>Mathews v. Eldridge</u>, 424 U.S. 319, 328, n. 9 (1976), and <u>Wienberger v. Salfi</u>, supra, 422 U.S. 749, 764 (1975)).  Equitable tolling of the limitations period is available, <u>id.</u> at 480, based on the excusable neglect of the filing party.  <u>Shempert v. Harwick Chem. Corp.</u>, 151 F.3d 793, 797 (8th Cir. 1998).  As a general rule, equitable tolling is only appropriate where the circumstances are truly beyond the plaintiff's control.  <u>Id.</u> at 798.

Plaintiff has not responded to the motion to dismiss and thus presents no basis for equitable tolling of the 60-day limitations period and her complaint is untimely filed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #15] is **granted**.

A separate order of dismissal will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2012.